PEARSON, J.

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| ANTHONY BAILEY ) | |
| (#A332116), ) | CASE NO. 1:19CV2409 |
| ) | |
| Petitioner, ) | |
| ) | JUDGE BENITA Y. PEARSON |
| v. ) | |
| ) | |
| BILL COOL,[1] Warden, ) | |
| ) | **MEMORANDUM OF OPINION** |
| Respondent. ) | **AND ORDER** |

Petitioner Anthony Bailey[2] filed a *pro se* Petition for a Writ of Habeas Corpus pursuant to

28 U.S.C. § 2254 (ECF No. 3) alleging three (3) grounds for relief which challenge the

constitutional sufficiency of the computation of his sentence by the Ohio Department of

---

[1] According to the Ohio Department of Rehabilitation & Correction website (https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A332116 (last visited Dec. 28, 2022)), Petitioner is now confined at the Ross Correctional Institution. The Warden of that institution, Bill Cool, is ordered substituted for Ronald Erdos, Warden.

  Petitioner has failed to provide the court with his current address. It is the party, not the court, who bears the burden of apprising the court of any changes to his mailing address. *See Yeschick v. Mineta*, 675 F.3d 622, 630 (6th Cir. 2012) (citing *Casimir v. Sunrise Fin., Inc.*, 299 Fed.Appx. 591, 593 (7th Cir. 2008) (affirming district court's denial of Rule 60(b) motion when movants claimed due to house fire they did not receive mail informing them of court's entry of summary judgment); *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("[A] litigant who invokes the processes of the federal courts is responsible for maintaining communication with the court during the pendency of his lawsuit."); *Watsy v. Richards*, No. 86-1856, 1987 WL 37151, at *1 (6th Cir. April 20, 1987) (affirming dismissal for failure to prosecute when appellant failed to provide district court with "current address necessary to enable communication with him")).

[2] Petitioner refers to himself as Gerald A. West in his Petition and some state court filings. The Court continues to use the name Anthony Bailey for Petitioner. Nevertheless, to the extent Petitioner's new name is Gerald A. West, this Memorandum of Opinion and Order regards Gerald A. West and Anthony Bailey as the same individual.

(1:19CV2409)

Rehabilitation & Correction's Bureau of Sentence Computation and the September 16, 2015 Revocation Order of the Ohio Adult Parole Authority.[3]

The above-entitled federal habeas petition was referred to a magistrate judge[4] for preparation of a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(2). On December 1, 2022, the magistrate judge issued a Report and Recommendation (ECF No. 15). In her Report, the magistrate judge recommends that the Court dismiss the habeas petition because the claims are time-barred. *See* ECF No. 15 at PageID #: 218-21. In the alternative, the magistrate judge recommends that the Court dismiss Ground One for failure to exhaust available remedies or as noncognizable and meritless, *see* ECF No. 15 at PageID #: 221-24; and Grounds Two and Three because they lack merit, *see* ECF No. 15 at PageID #: 225-30.

Fed. R. Civ. P. 72(b)(2) provides that objections to a report and recommendation must be filed within 14 days after service. Objections to the Report were, therefore, due on December 19, 2022.[5] Neither party has timely filed objections. Therefore, the Court finds that the parties are satisfied with the magistrate judge's recommendations. Any further review by this Court would

---

[3] The case at bar was filed in the Southern District of Ohio and transferred to the Northern District of Ohio because it is a more convenient forum in that Petitioner's underlying convictions arose from criminal proceedings in Cuyahoga County, Ohio. *See* Order (ECF No. 5).

[4] The Court referred the case to Magistrate Judge William H. Baughman, Jr. On September 2, 2022, the case was reassigned from Magistrate Judge Baughman (retired) to Magistrate Judge Jennifer Dowdell Armstrong pursuant to General Order 2022-14.

[5] Under Fed. R. Civ. P. 6(d), three (3) days must be added to the 14-day time period because Petitioner was served a copy of the Report by mail. *See Thompson v. Chandler*, 36 Fed.Appx. 783, 784 (6th Cir. 2002). The Court has accounted for those three days, as well as additional time for any mailed objection to reach the Court, before issuing this Order.

(1:19CV2409)

be a duplicative and inefficient use of the Court's limited resources. *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985); *Howard v. Secretary of Health and Human Services*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).

Accordingly, the Report and Recommendation of the magistrate judge is hereby adopted. Anthony Bailey's Petition for a Writ of Habeas Corpus will be dismissed.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

The Clerk of Court shall send a copy of the within Memorandum of Opinion and Order by regular mail to Anthony Bailey, #A332116, Ross Correctional Institution, PO Box 7010, Chillicothe, OH 45601.

IT IS SO ORDERED.

| | |
|---|---|
| December 29, 2022 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |